UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIEJUAN HAUGABOOK,
    *Petitioner*,

    *v.*

UNITED STATES OF AMERICA,
    *Respondent.*

Civil No. 3:16-CV-1034 (JBA)

April 20, 2018

## RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Kiejuan Haugabook filed a Motion to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate") [Doc. # 1] pursuant to 28 U.S.C. § 2255 in light of the holding in *Johnson v. United States*, 576 U.S. ––––, 135 S. Ct. 2551 (2015), which struck down the Residual Clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 942(e).[1] Petitioner argues that his prior

---

[1] The Armed Career Criminal Act provides that when a person violates 18 U.S.C. § 922(g)(1) and has three previous convictions "for a violent felony, or a serious drug offense, or both, committed on occasions different from one another," that person is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" refers to any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B)(i–ii). Subsection (i) is commonly referred to as the "Elements Clause" because, in order to qualify under that subsection, "the use, attempted use, or threatened use of physical force" must be an element of the statute defining the crime of which the defendant was previously convicted. *See Villanueva v. United States*, 2016 WL 3248174, at \*1 (D. Conn. June 6, 2016). The first half of subsection (ii) is referred to the "Enumerated Felonies Clause" because it lists four specific types of crimes that qualify as violent felonies. *Id.* The second half of subsection (ii) is referred to as the "Residual Clause" because it has traditionally been interpreted to

Connecticut robbery convictions no longer qualify as predicate "crime[s] of violence" for calculation of his base offense level under § 2K2.1of the Sentencing Guidelines because the invalidation of the residual clause in the Armed Career Criminal Act as unconstitutionally vague extends to the residual clause set forth in the Sentencing Guidelines and, likewise, applies retroactively. Respondent United States (the "Government") opposes the Motion, arguing that *Johnson* does not apply to the residual clause set forth in U.S.S.G. § 4B1.2(a)(2), foreclosing Petitioner's argument. In light of the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), Mr. Haugabook's petition must be denied.

## I. Background

On June 11, 2014 Petitioner was indicted by a grand jury in the United States District Court for the District of Connecticut on charges including, inter alia, possession of a sawed off firearm and/or an unregistered firearm, in violation of 26 U.S.C. § 5861(c). (Indictment [Doc. # 1], Count Two.) On February 3, 2015, Mr. Haugabook pleaded guilty to this charge, admitting to possession of a shortbarreled 12-gauge firearm (shotgun). (Plea Agreement [Doc. # 46] at 1, 9.)

In the plea agreement, Mr. Haugabook stipulated to a base offense level of 26 pursuant to U.S.S.G. § 2K2.1(a)(1), and acknowledged his imprisonment range was 92 to 115 months.[2] (*See*

---

encompass felonies that were considered violent notwithstanding the fact that they do not satisfy either the Elements Clause or the Enumerated Felonies Clause. *Id.*

It is the government's burden to establish whether a prior conviction qualifies under section 924(e)(2). *See United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (quoting *United States v. Brown*, 52 F.3d 415, 425 (2d Cir. 1995)). If the government meets that burden, the conviction is referred to as a "qualifying conviction."

[2] The agreement did not specify which prior convictions supported that base offense level. (*Id.*)

Plea Agreement, Doc. # 46 at 5.) In the Presentence Report, Petitioner's prior Connecticut convictions for robbery in the first degree and robbery in the third degree were set forth and identified as crimes of violence. (PSR ¶¶ 30, 35, 11.) Mr. Haugabook did not object to these aspects of the PSR, nor did he object to the calculation of his base offense level as 26 or the guidelines range of 92-115 months. (PSR [Doc. # 49-2] ¶¶ 17, 74.) On May 5, 2015, the Court imposed a below-guidelines sentence of 84 months of imprisonment to be followed by three years supervised release. (Judgment [Doc. # 63].)

At that time, the Guidelines defined "crime of violence" as any offense, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
*(2)* is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G., § 4B1.2(a).

## II. Discussion

Section 2255 of title 28 of the United States Code provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant

to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). Relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). The petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

Petitioner argues that the ruling in *Johnson* extends to the definition of 'crime of violence' in the U.S. Sentencing Guidelines and that, when *Johnson* is appropriately applied to his case, the original sentencing is defective and can no longer stand. However, the Supreme Court's decision in *Beckles* effectively forecloses Mr. Haugabook's argument in support of his Motion.[3]

*Johnson* held that a clause in the Armed Career Criminal Act (ACCA), which is commonly referred to as ACCA's "residual clause," was unconstitutionally vague. *See* 135 S. Ct. at 2557; *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (including in definition of "violent felony," the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another").

An identical "residual clause" appeared in the Guidelines definition of "crime of violence" at the time of Mr. Haugabook's sentencing. *See* U.S.S.G. § 4B1.2(a)(2) (including in definition of "crime of violence," the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Mr. Haugabook's guidelines level was enhanced under §2K2.1(a)(1) because he had two prior felony conviction for "crimes of violence." The Application

---

[3] *Beckles* was decided March 6, 2017, after Petitioner had already submitted his Memorandum supporting his Motion to Vacate.

Notes provide that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. 2K2.1, Application Note 1. Mr. Haugabook argues that he must be resentenced because, pursuant to *Johnson*, his prior robbery convictions do not qualify "as 'crimes of violence.'" (Pet.'s Mot. to Vacate at 10.)

Under the Supreme Court's recent holding in *Beckles*, however, there is no basis for Petitioner's argument. In *Beckles*, as here, "[a]t the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.' " *Beckles*, 137 S. Ct. at 890 (citation omitted). *Beckles* rejected the petitioner's argument "that the Guidelines' residual clause is . . . void for vagueness." *Id.* at 890. The Supreme Court explained that, while *Johnson* had held "that the identically worded residual clause in [ACCA] was unconstitutionally vague," *Johnson* did not apply to the Guidelines, because the Guidelines are advisory only, and as such "are not subject to vagueness challenges under the Due Process Clause." *Id.* Because *Beckles* undermined the argument Mr. Haugabook seeks to make—that the Guidelines' use of the "residual clause" in the definition of "crime of violence" is void for vagueness—there is no basis for granting his Motion.

**III. Conclusion**

Because the Court finds that Mr. Haugabook's argument lacks merit under the Supreme

Court's holding in *Beckles*, Mr. Haugabook's Motion is DENIED.


IT IS SO ORDERED.

    /s/

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 20th day of April 2018.